PER CURIAM.
 

 | )This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Dennis R. Whalen, an attorney licensed to practice law in Louisiana.
 

 UNDERLYING FACTS
 

 By way of background, Bernard Kannon died on February 17, 1996. Mr. Kannon’s last will and testament named Jack Menzie and Frank Dobson as co-executors of his estate. Mr. Kannon’s succession was opened in the 19th Judicial District Court for the Parish of East Baton Rouge under docket number 63,314.
 

 Mr. Dobson and Mr. Menzie were confirmed as co-executors of Mr. Kannon’s succession on March 8, 1996 and April 19, 1996, respectively. In the meantime, an April 2, 1996 court order authorized Mr. Dobson, as the co-executor, or his attorney to sell any motor vehicles of the succession or of businesses operated by the succession. An April 3, 1996 order authorized Mr. Dobson or his attorney to pay the succession’s urgent debts, specifically three mortgage notes and “priority court costs and law charges as they accrue without delay, advertisement, or further orders
 
 *393
 
 of the Court.” This order presumably permitted Mr. Dobson or his attorney to pay attorney’s fees without advertisement or prior court approval, which would normally be required by La.Code Civ. P. arts. 8801 and 3302. Finally, an April 9, 1996 order |2authprized Mr. Dobson, as the co-executor, to continue to operate the decedent’s various businesses.
 

 Subsequently it was decided that Mr. Dobson and Mr. Menzie should be replaced as co-executors. The co-executors and the decedent’s surviving spouse and children filed a motion requesting that Jarnes Dendy, a Baton Rouge attorney, be appointed as the executor. Respondent was the attorney for Mr. Dendy. The May 2, 1996 order appointing Mr. Dendy authorized him to continue to operate the decedent’s various businesses in accordance with the April 9, 1996 order and to sell the motor vehicles in accordance with the April 2, 1996 order. However, no reference was made to the April 3,1996 order authorizing payment of the promissory notes and priority court costs and law charges.
 

 Thereafter, between 1996 and 2007, respondent and Mr. Dendy collected from the succession fees and costs totaling $105,731.31 for respondent and $187,422.57 for Mr. Dendy. No court approval was obtained to pay these fees and costs. Mr. Dendy died on October 3, 2008.
 

 DISCIPLINARY PROCEEDINGS
 

 In June 2009, the ODC filed formal charges against respondent, alleging he violated the following provisions of the Rules of Professional Conduct: Rules 1.5 (charging an unreasonable fee), 1.15 (safekeeping property of clients or third persons), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). Respondent answered the formal charges, denying any misconduct. This matter then proceeded to a formal hearing on the merits.
 

 |
 
 aHearing Committee Report
 

 After reviewing the testimony and the evidence presented at the hearing, the hearing committee made numerous factual findings, including a finding that Mr. Den-dy had no authority to pay attorney’s fees to respondent without seeking court approval. The committee reasoned that this was so because no legal authority had been presented to it by the parties “that would permit an inference or ruling that the April 3, 1996 court order was intended to apply to a successor executor.” Moreover, the committee found respondent was fully aware that Mr. Dendy had not filed any motions for court approval to pay attorney’s fees, as he had received copies of letters sent to Mr. Dendy by the legatees questioning the payments. He nonetheless failed to take any action to address these concerns and continued to bill the succession for attorney’s fees and accept payment therefor. Based on these factual findings, the committee determined respondent violated Rules 1.5, 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct;
 

 The committee found respondent knowingly violated duties owed to the legal profession by failing to obtain court approval for payment of his attorney’s fees, causing injury to the succession and the legal system. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions
 
 and the court’s prior jurisprudence, the committee determined the baseline sanction is suspension.
 

 In aggravation, the committee found the following: a dishonest or selfish motive, a pattern of misconduct, multiple (repetitive) offenses,' refusal to acknowledge the
 
 *394
 
 wrongful nature of the conduct, and substantial experience in the practice of law (admitted 1962). The committee also recognized the following mitigating factors: absence of a prior disciplinary record, a cooperative attitude toward the proceedings,, and character or reputation.
 

 pBased on the findings set forth above, the committee recommended respondent be suspended from the practice of law for one year and one day. The committee also recommended respondent make restitution as determined by the court in the succession proceedings.
 

 Respondent filed an objection to the hearing committee’s report and recommendation.
 

 Disciplinary Board Recommendation
 

 After reviewing the matter, .the disciplinary board determined the hearing committee’s factual findings are supported by the record and are not manifestly erroneous; Accordingly, the board adopted those findings.
 

 Based oh its independent review of the record, the board agreed with the committee that respondent violated Rules 8.4(a), 8.4(c), and 8.4(d) of the Rules of Professional Conduct. The board determined respondent did not violate Rules 1.5 or 1.15, specifically noting with respect to Rule 1.5 that the committee’s finding of a violation based upon Mr. Dendy’s failure to obtain court approval for the payment of attorney’s fees requires an overly-broad reading of the rule. However, the board indicated such action may implicate other provisions of the Rules of Professional Conduct, such as Rule 8.4.
 

 The board found respondent knowingly, if not intentionally, violated duties owed to the legal system and the legal profession. Respondent’s ' misconduct caused actual harm to Mr. Kannon’s succession and the legal system. After considering the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the board determined respondent’s conduct warrants a period of suspension or disbarment. The board adopted the aggravating and mitigating factors found by the committee.
 

 |fiAfter also considering this court’s prior jurisprudence involving similar misconduct, the board recommended respondent be suspended from the practice of law for two years. The board further recommended that respondent be required to place in the registry of the court the sum of attorney’s fees he had received, and that he be required to make a proper application for the payment of any fees or costs to which he is entitled.
 

 Both respondent and the ODC filed an objection to the disciplinary board’s report and recommendation. Accordingly, the case was docketed for oral argument pursuant to Supreme Court Rule XIX, § 11(G)(1)(b).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the record to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 See In re: Caulfield,
 
 96-1401 (La.11/25/96), 683 So.2d 714;
 
 In re: Pardue,
 
 93-2865 (La.3/11/94), 633 So,2d 150.
 

 While the ODC has charged various professional violations, the crux of this matter is whether respondent, the attorney for the executor of a succession, acted improp
 
 *395
 
 erly by receiving-payments for attorney’s fees when he knew the executor had not applied for court authority to make the payments. A court order of April B, 1996 allowed the executor at that time, Mr. Dobson, to pay succession debts and attorney’s fees without advertisement or prior court approval. However, when Mr. Dob-son was | (¡replaced as executor by respondent’s client, Mr. Dendy, the order making the appointment did not reference the April B, 1996 order, though it referenced other court orders in the matter. As the ODC conceded at oral argument, the formal charges against respondent survive or fall on whether Mr. Dendy was similarly authorized to pay succession debts and attorney’s fees without advertisement or prior court approval.
 

 Both sides present plausible arguments in this regard. The ODC points to the fact that the May 2, 1996 order appointing Mr. Dendy does not reference the April 3,1996 order, though it referenced the April 2, 1996 and April 9, 1996 orders, as proof that Mr. Dendy did not possess the authority which was granted to Mr. Dobson. The ODC argues that Mr. Dobson’s authority was specific as to him, and did not allow for any other executor or successor executor to be exempt from the procedures set forth in La.Code Civ. P. art. 3301
 
 et seq.
 
 The ODC also argues that respondent, as Mr. Dend/s attorney, unreasonably relied on his interpretation of the April 3, 1996 order, because respondent was aware that an attorney for one of the legatees had raised concerns about the lack of accountings and the authority of Mr. Dendy. The ODC further points out that Mr. Dendy, in his deposition obtained before he died, cited to an unrecorded oral authorization from the trial judge (to the effect that the succession should be “run like a business”) as exempting him from the normal procedures required of the executor, whereas respondent relied on his interpretation of the April 3rd order as granting Mr. Dendy such authority.
 

 Respondent, on the other hand, points out that he offered testimony at the formal charge hearing from an attorney specializing in succession matters. This attorney opined that the April 3, 1996 order would carry over to successor executors. Respondent similarly points to the testimony of Mr. Dobson’s attorney, who indicated |7he believed the authority granted in the April 3rd order would continue over to the successor executor unless the order were revoked. Additionally, respondent notes that the ODC does not contest as improper Mr. Dendy’s payment of the mortgage notes, as authorized in the April 3rd order, or other law costs, but instead challenges only the costs paid to Mr. Dendy and to respondent without prior court approval. Respondent therefore contends the ODC has not met its burden of proving the April 3rd order did not apply to Mr. Dendy as a successor executor and that Mr. Dendy was required to otherwise follow the procedures set forth in La.Code Civ. P. art. 3301
 
 et seq.
 

 We find respondent raises a credible argument that the ODC has not satisfied its burden of proof in this disciplinary proceeding. The hearing committee specifically rejected the testimony of respondent’s expert witness, and apparently the testimony of Mr. Dobsón’s attorney, to conclude the April 3rd order did not apply to Mr. Dendy as successor executor. The committee acknowledged that there was no codal authority or jurisprudence on the issue of the effect of the order, but reasoned that respondent'had fáiled to show that Mr. Dendy had the same authority granted to Mr. Dobson in the April 3rd order. However, this determination by the committee improperly shifted the burden of proof to respondent, rather than
 
 *396
 
 hold the ODC to the burden it bears in proceedings seeking discipline.
 
 See
 
 Supreme Court Rule XIX, § 18(D). The record of this matter reveals that the ODC has not shown by clear and convincing evidence that Mr. Dendy was not authorized by virtue of the April 3rd order to pay attorney’s fees without publication and pri- or court approval.
 
 [1]
 

 | ¡(Therefore, as the ODC has failed to prove its case against respondent, we will dismiss the formal charges in their entirety.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, briefs, and oral argument, it is ordered that the formal charges against respondent, Dennis R. Whalen, be and hereby are dismissed.
 

 [1]
 

 . We do not decide as a matter of law whether an order authorizing one executor to pay attorney's fees “without delay, advertisement, or further orders of the Court” can be deemed to apply to a successor executor. Rather, we simply conclude that based upon the record before us in this disciplinary proceeding, the ODC has failed to meet its burden of proving that Mr. Dendy did not possess the same authority as that previously granted to Mr. Dobson.